IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In Re: Jerry & Tyra Mayo | ] | Case. No. 08-34411-KRH |
| | ] | |
| **Debtors.** | ] | Chapter 13 |
| _____ | ] | |
| **JERRY AND TYRA MAYO** | ] | Adversary Proceeding |
| | ] | No.: 08-03123-KRH |
| **Plaintiff,** | ] | |
| v. | ] | |
| | ] | |
| **DT CREDIT** | ] | |
| | ] | |
| **Defendant.** | ] | |

## MOTION FOR PRELIMINARY INJUNCTION
## AND TURNOVER PENDING COMPLAINT

1.  Plaintiffs are the Debtors in the above-captioned chapter 13 case. This Court has original jurisdiction over this action, which arises in a case under the Bankruptcy Code and concerns property of the estate, pursuant to 28 U.S.C. 1334. This proceeding is a core proceeding.

2.  Certain of Plaintiffs' exempt property, which is property of the estate as defined by 11 U.S.C. § 541, to wit an automobile in which he has an interest, is in the possession of Defendant.

3.  At the time his petition was filed, Debtors gave notice of the filing to Defendant, through counsel.

4.  Defendant refused to turnover the property demanding payment in full of its security interest to release the property.

5.  Under 11 U.S.C. § 1306, Debtors are entitled to possession of all property of the estate.

6.  Plaintiffs have provided Defendant adequate protection by offering to pay Defendant in full through his Chapter 13 plan and by providing proof of automobile insurance.

7.  Debtors have the right to redeem the property under Va. Code § 8.9A-623 and that right has become part of the bankruptcy estate pursuant to 11 U.S.C. 541. See also Tidewater Finance Company v. Moffett, 356 F.3d 518 (4th Cir, 2004).

Jason M. Krumbein Va Bar #: 43538                - 1 -
Krumbein Consmer Legal Services, Inc.
1650 Willow Lawn Drive, Suite 300
Richmond, VA  23230
(804) 673-4358

8. Nonetheless, Defendant has refused to turn over Debtors' automobile as required by 11 U.S.C. § 542.

9. Debtor filed an Adversary Proceeding on September 19, 2008 to force the turnover. Counsel for the plaintiff has made diligent effort to obtain the release of the vehicle made question, and the failure of the defendant to return the vehicle has done and will continue to do severe harm to the financial prospects of the plaintiff to maintain their Bankruptcy estate.

10. The actions of the defendant are harmful to the estate and to all creditors.

11. Failure to turnover the vehicle at this time will cause irreparable harm to the Plaintiff, whereas damages are available to the defendant.

WHEREFORE, the plaintiffs request that this court enjoin any sale of the motor vehicle in question and order the defendants to turnover the vehicle to the plaintiffs pending the outcome of the underlying adversary proceeding.

DATED: September 22, 2008

/s/Jason M. Krumbein, Esq
Jason M. Krumbein, VSB#43538
Krumbein Consumer Legal Services, Inc.
Counsel for Plaintiff
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804-673-4358
804-673-4350 (fax)
Jason@Krumbein.com (e-mail)

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing document was electronically served and/or mailed first class, postage prepaid to: Patrick McKenna, Esq., Glasser and Glasser, PLC (Electronic Service) on this _22th___ day of September, 2008.

DATED:  September 22, 2008           _/s/Jason M. Krumbein, Esq__
                                                         Jason M. Krumbein, VSB#43538
                                                         Krumbein Consumer Legal Services, Inc.
                                                         Counsel for Plaintiff
                                                          1650 Willow Lawn Drive, Suite 300
                                                          Richmond, VA 23230
                                                          804-673-4358
                                                          804-673-4350 (fax)
                                                          Jason@Krumbein.com (e-mail)